**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2923

_____

UNITED STATES OF AMERICA

v.

DAYAKAR MALLU,
Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:21-cr-00326-001)
District Judge:  Honorable W. Scott Hardy

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 2, 2026

_____

Before: SHWARTZ, BIBAS, and PHIPPS, Circuit Judges.

(Filed: March 9, 2026)

_____

OPINION[*]

_____

SHWARTZ, Circuit Judge.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Dayakar Mallu appeals his conviction and sentence. His counsel argues that his appeal presents no nonfrivolous issues and moves to withdraw under Anders v. California, 386 U.S. 738 (1967). We agree, and we will grant the motion and affirm.

I

Mallu pleaded guilty to conspiracy to commit securities fraud and to aiding and abetting the preparation of a false tax return. During his plea hearing, the District Court (1) confirmed that Mallu's decision to plead guilty was knowing and voluntary; (2) advised Mallu of the constitutional rights he would waive by entering a guilty plea; (3) questioned Mallu about his understanding of the charges, supporting facts, maximum penalties, and Sentencing Guidelines; and (4) ensured that Mallu understood that his plea agreement included an appellate waiver. Under the appellate waiver, Mallu waived his right to appeal his conviction and sentence unless: (1) the United States appeals; or (2) his sentence (a) exceeds the statutory maximum or (b) unreasonably exceeds the applicable Sentencing Guideline range.

At sentencing, the District Court determined that Mallu's total offense level was twenty-three, which included a three-point reduction for acceptance of responsibility, and his criminal history category was I, resulting in a Sentencing Guidelines range of forty-six to fifty-seven months' imprisonment. The Court considered the relevant 18 U.S.C. § 3553(a) factors, varied downward, and imposed twenty-four months' imprisonment. The District Court also ordered Mallu to pay $7,039,636.25 plus interest in restitution for the tax loss he caused, and to forfeit the $4,271,562 he gained through securities fraud.

Mallu filed a notice of appeal. His counsel moved to withdraw under Anders, identified potential issues for appeal, and explained that none provides a basis for overturning the conviction or sentence.[1]

II[2]

Our local rules allow a criminal defendant's appellate counsel to file a motion to withdraw and an accompanying brief under Anders when counsel concludes, upon review of the record, that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."[3] United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001); see United States v. Brookins, 132 F.4th 659, 666 (3d Cir. 2025).

A

To determine whether counsel has fulfilled his Anders obligations, we examine his brief to see if it (1) shows that counsel thoroughly examined the record in search of

---

[1] Mallu also filed a pro se brief.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. In conducting an Anders analysis, we exercise plenary review to determine whether there are any nonfrivolous issues for appeal. United States v. Brookins, 132 F.4th 659, 666 (3d Cir. 2025).

[3] An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988); see also Brookins, 132 F.4th at 665 (explaining that "[i]f there is an issue that is 'arguable' on its merits, then the appeal is not frivolous").

appealable issues, identifying those that arguably support the appeal, see Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why the identified issues are frivolous, see Brookins, 132 F.4th at 665-66.  Mallu's counsel has fulfilled these obligations.

Typically, Mallu's guilty plea would limit the appealable issues to (1) the District Court's jurisdiction; (2) the voluntariness of his plea; and (3) the reasonableness of his sentence, see 18 U.S.C. § 3742; Menna v. New York, 423 U.S. 61, 62 (1975) (per curiam), but here, Mallu signed an appellate waiver, which further limits the appealable issues.  Mallu's counsel acknowledged that the appellate waiver bars Mallu's appeal, and that any challenge to the plea or sentence would be frivolous.  Counsel has thus fulfilled his Anders obligations.  See Youla, 241 F.3d at 300.

B

Our independent review of the record accords with counsel's assessment.  Mallu entered a plea agreement containing an appellate waiver.[4]  "We will enforce an appellate waiver where we conclude that: (1) the issues a defendant pursues on appeal fall within the scope of the waiver; (2) the defendant knowingly and voluntarily agreed to the

_____

[4] "We review the validity and scope of an appellate waiver de novo." United States v. Grimes, 739 F.3d 125, 129 (3d Cir. 2014).  An appellate waiver "does not deprive us of subject matter jurisdiction, but, when the waiver is valid, we will not exercise that jurisdiction to review the merits of [the defendant's appeal]," and will "[t]ypically . . . affirm[] the judgment of the district court," rather than "dismiss[] the appeal." United States v. James, 928 F.3d 247, 252 (3d Cir. 2019) (first and third alterations in original) (internal quotation marks omitted).

waiver; and (3) enforcing the waiver would not work a miscarriage of justice." United States v. Langley, 52 F.4th 564, 575 (3d Cir. 2022).

To determine the scope of an appellate waiver, we strictly construe the language of the plea agreement. United States v. Corso, 549 F.3d 921, 927 (3d Cir. 2008). Mallu's appellate waiver provides that, in exchange for the Government's promises set forth in the plea agreement, he waives his right to appeal or collaterally attack his sentence or conviction unless: (1) the Government appeals from the sentence; (2) the sentence exceeds the statutory maximum; or (3) the sentence unreasonably exceeds the applicable Sentencing Guideline range. None of these circumstances are present here. The Government has not appealed, and the 24-month sentence was well below both the applicable statutory maximum, see 18 U.S.C. § 1348; 26 U.S.C. § 7206, and the Guidelines range.

Next, the record shows that Mallu knowingly and voluntarily agreed to the appellate waiver. At the plea hearing, Mallu affirmed that he (1) understood that his plea included a waiver of his appellate rights; (2) had reviewed the appellate waiver with his attorney; and (3) understood his appeal rights would be limited. Mallu also confirmed his understanding of the appellate waiver in writing by signing the plea agreement, in which he represented that he reviewed the document with his counsel. Thus, Mallu knowingly and voluntarily waived his appellate rights.

Finally, enforcing the appellate waiver would not work a miscarriage of justice. "To determine whether enforcing a waiver works a miscarriage of justice, we consider

[t]he clarity of the error, its gravity, [and] its character," and will not enforce the waiver in only "unusual circumstance[s]" to prevent "manifest injustice." United States v. Grimes, 739 F.3d 125, 130 (3d Cir. 2014) (third alteration in original) (citations and quotation marks omitted). Here, there is no error. The District Court had jurisdiction; Mallu entered a knowing and voluntary plea consistent with the Constitution and Federal Rule of Criminal Procedure 11, and his sentence—which reflected consideration of the § 3553(a) factors—was below the statutory maximum for his offenses and the applicable Guidelines range.[5] Because we cannot say that enforcing the appellate waiver would work a miscarriage of justice, we will enforce it.[6]

### III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.

---

[5] Mallu filed a pro se brief stating that it was prepared by Legal Freedom, Inc. Counsel from Legal Freedom, Inc., has not entered an appearance in this matter. Because the brief raises no nonfrivolous arguments, we need not decide whether it is a permissible filing. First, Mallu's claim that his appellate waiver is invalid because his lawyer was ineffective is more properly raised under 28 U.S.C. § 2255 than on direct appeal, United States v. Jake, 281 F.3d 123, 132 n.7 (3d Cir. 2002), because the record does not reveal whether his counsel's advice was unsound, United States v. Thornton, 327 F.3d 268, 272 (3d Cir. 2003). Second, Mallu's claim of selective prosecution lacks merit because he has not shown that his prosecution was based on an impermissible ground, such as race, religion, or another arbitrary classification. United States v. Taylor, 686 F.3d 182, 197 (3d Cir. 2012). Third, Mallu's plea agreement was supported by adequate consideration, including the Government's promise to recommend a three-level downward adjustment for acceptance of responsibility, which prosecutors did. Fourth, nothing before us shows that that the Government's decision to dismiss the indictment against Mallu's alleged co-conspirator has any bearing on the validity of his plea agreement or sentence.

[6] Because the appellate waiver "is valid, we will not exercise . . . jurisdiction to review the merits of [the defendant's appeal]." James, 928 F.3d at 252 (alteration in original) (internal quotation marks omitted).